OPINION OF THE COURT
Barry Hurowitz, J.
Petitioner’s motion for an order enjoining Martin Kesselman, M.D., Kings County Hospital and their agents or appointees from transferring petitioner Lylange P. from Kings County Hospital to Pilgrim State Psychiatric Center is denied. Respondent’s cross motion to dismiss is granted.
Petitioner, after threatening family members with a knife, was admitted as a patient to Kings County Hospital on April 9, 1994 as an emergency admission pursuant to Mental Hygiene Law § 9.39. On April 21, 1994 petitioner’s status was converted to "involuntary” pursuant to Mental Hygiene Law § 9.27. On June 28, 1994 petitioner was further retained for a period not to exceed six months pursuant to Mental Hygiene Law § 9.33. Petitioner’s treating physician, Dr. Bizhan Nia, then recommended that the petitioner be transferred to Pilgrim State Psychiatric Center for further treatment. On or about June 27, 1994, Dr. Lokender Reddy, upon noting petitioner’s objection to the transfer, applied to the director of psychiatry at Kings County Hospital for an administrative appeal of the proposed transfer pursuant to 14 NYCRR 517.4 (0 (3).
The administrative appeal was held on June 30, 1994 at Kings County Hospital before Dr. Devitt Elverson, clinical director of inpatient psychiatry at Kings County Hospital. The following parties attended and took part in the appeal:
(1) Mental Hygiene Legal Service by Ramon Perez, Esq. on behalf of petitioner,
(2) petitioner,
(3) Dr. Nia,
(4) Frances Marie J., petitioner’s sister,
(5) Jacques Chard, unit coordinator, and
(6) Alvina Duncan, R.N.
*378 Dr. Nia presented the patient’s mental status, and noted that he was concerned about her physical condition. Dr. Elverson reviewed the patient’s psychiatric history. He heard from Ms. Duncan, a nurse familiar with the patient, who stated that petitioner remains in bed all day and is depressed. Petitioner’s sister stated that she visits petitioner daily. Petitioner’s attorney stated that petitioner wished to remain in Kings County Hospital since it is in close proximity to petitioner’s family. Dr. Elverson stated in his summary "Patient needs to be involved, needs more individual psychological rehabilitation for gradual reintegration into community. Patient suffers from both negative symptoms and Depression [sic] according to Dr. Nia.”
Dr. Elverson’s affirmation notes that petitioner has had four known hospitalizations in Kings County Hospital since the end of 1989 and that the diagnosis of petitioner is "schizophrenia, paranoid type.” He notes that on this occasion, when the police brought the petitioner to Kings County Hospital, she was "close to catatonic for almost two weeks, refusing to eat drink [sic] or take medication” and that the hospital had to obtain a medication order from the court. He notes that the petitioner failed to appear at the medication hearing or at various retention hearings which were held. He notes that petitioner has shown "little improvement,” remains "isolated and withdrawn.” He also notes that petitioner was recently started on new medication which must be taken for four to six months in order for it to have any therapeutic effect. Dr. Elverson states further that he considered the wishes of petitioner and her sister that petitioner remain at Kings County Hospital. Nevertheless, he determined that due to the "chronicity” of the petitioner’s illness, "the slowness of her recovery and the fact that she remained withdrawn and unable to participate in ward activities,” he believes that the "psychosocial rehabilitation available at the state hospitals [such as Pilgrim State Psychiatric Center] should be a crucial part of [petitioner’s] treatment plan.” He states that these considerations outweighed "the possible detrimental effect that the sister’s curtailed visits might have on the patient.”
Counsel for petitioner raises a "substantial evidence” issue as regards Dr. Elverson’s hearing. Thus, before the court can reach the issues presented on the motion, the court must determine the threshold issue of whether transfer of this matter to the Appellate Division, Second Department, is re *379 quired pursuant to CPLR 7804 (g). The court holds that transfer is not required.
Transfer to the Appellate Division is required when the hearing is of a judicial or quasi-judicial kind in which a "determination of the legal rights, duties or privileges of named parties thereto is required by law to be made only on a record and after an opportunity for a hearing” (State Administrative Procedure Act § 102 [3]; see also, Seigel, NY Prac § 560, at 878-879 [2d ed 1991]).
In Savastano v Nurnberg (77 NY2d 300 [1990]) the Court of Appeals sets forth the procedure required by 14 NYCRR 517.4 (c) (3). The Court states: "While the appeal may be conducted informally, without adherence to the rules of evidence and record keeping, the director or clinical director must review the patient’s past history; give the patient, the Mental Hygiene Legal Service and any patient representative the opportunity to discuss the patient’s objections to transfer; and, based on certain enumerated criteria, determine whether, on balance, the transfer would be in the patient’s best interest.” (Supra, at 306-307.)
Thus, in the case at bar, since the review process set forth in 14 NYCRR 517.4 (c) (3) does not require "adherence to the rules of evidence and record keeping” and is an informal hearing (Savastano v Nurnberg, supra) transfer to the Appellate Division is not required.
Counsel for the petitioner objects to Dr. Elverson’s findings, specifically as to two of the criteria which must be considered in determining whether to transfer a patient over his/her objection as enumerated in 14 NYCRR 517.4 (d) (1).* *380 These are that the "patient’s need for services which are more readily available or which can be more effectively provided at the receiving hospital” and the "[p]roximity of the sending and receiving hospitals to the patient’s significant others.” (14 NYCRR 517.4 [d] [1] [ii], [iii].) However, Dr. Elverson’s summary indicates that he did consider both factors.
Dr. Elverson specifically notes the sister’s objection to the transfer and discusses the patient’s needs. The summary specifically notes that the patient needs "longer hospitalization” which apparently Kings County Hospital is unable to provide. Although counsel states that "respondent was arbitrary and capricious in applying the mandated criteria” he fails to set forth any facts regarding the conduct of the hearing which would indicate that Dr. Elverson’s decision was arbitrary and capricious other than the fact that he disagrees with the doctor’s ultimate decision. Furthermore, whereas petitioner’s sister states in her affidavit that she believes that Dr. Elverson’s findings are not in the petitioner’s best interests, she also fails to raise any issue regarding the manner in which Dr. Elverson conducted the hearing which would indicate that his decision was arbitrary and capricious.

 In making the determination of which hospital better serves the best interests of the patient, the following factors shall be considered:
(1) The patient’s need for continued inpatient treatment.
(2) The patient’s need for services which are more readily available or which can be more effectively provided at the receiving hospital.
(3) Proximity of the sending and receiving hospitals to the patient’s significant others.
(4) The ability of the sending hospital to provide adequate over-all treatment of the patient, as affected by:
(a) overcrowding;
(b) reduction or elimination of services beneficial to the patient; and
(c) reduction in the number of approved beds.
(5) The ability of the receiving hospital to provide adequate over-all treatment of the patient, as affected by:
(a) overcrowding;
(b) the availability of services beneficial to the patient; and
*380 (c) bed capacity. (14 NYCRR 517.4 [d] [1].)